# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

---

**OBURLA REAVES,**

     **Plaintiff,**

**v.**                                                                              **No. 16-1075**

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

---

### ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE
---

Before the Court is the April 14, 2016 appeal from a final administrative order of Plaintiff, Oburla Reaves. (Docket Entry ("D.E.") 1.) On February 17, 2017, an administrative track scheduling order was entered in this case by the Deputy Clerk, ordering Reaves to file her brief in support of the appeal within thirty days of entry of the order. (D.E. 12.) Plaintiff missed that deadline, and to date, no brief has been filed. On April 27, 2017, this Court ordered Reaves to show cause why her case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (D.E. 14.) She failed to respond to that order.

Federal Rule of Civil Procedure 41(b) provides for dismissal of actions for the plaintiff's failure "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." It is well-settled that a district court may enter an order of dismissal *sua sponte* under Rule 41(b). *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008). The authority to dismiss a case under the Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted), *reh'g & suggestion for reh'g en banc denied* (June 30, 1999). District courts are

permitted substantial discretion in determining whether dismissal is appropriate. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and, (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 737.

In this case, Reaves failed to file a brief in support of her appeal by the deadline as ordered. Further, she did not respond to the Court's April 27, 2017 show cause order, which advised her that the lawsuit was subject to dismissal if she did not provide a prompt response. The necessity of monitoring a case that Plaintiff seemingly has no desire to pursue impacts Defendant negatively and affects the Court's ability to efficiently manage its docket. In addition, Reaves was explicitly admonished in the show cause order that failure to respond thereto could result in dismissal of her complaint. Based on these facts, the Court concludes that no sanction short of dismissal will cure Plaintiff's failure to move this case forward. Accordingly, Reaves's lawsuit is DISMISSED.

IT IS SO ORDERED this 15th day of May 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE