# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

_____

**OBURLA REAVES,**

    **Plaintiff,**

v.                                                                                                                                      **No. 16-1075**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

### ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1)

_____

Before the Court is the June 14, 2017 motion of Plaintiff, Oburla Reaves, to set aside the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b)(1). (Docket Entry ("D.E.") 17.) On April 14, 2016, Reaves initiated this action in federal court, seeking review of the final decision of Defendant, Commissioner of Social Security, denying her claim for disability insurance benefits. (D.E. 1.) On February 17, 2017, an administrative track scheduling order was entered by the Deputy Clerk, ordering Reaves to file her brief in support of the appeal within thirty days of entry of the order. (D.E. 12.) Plaintiff missed that deadline, and to date, no brief has been filed. On April 27, 2017, this Court ordered the claimant to show cause why her case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (D.E. 14.) She also did not respond to that order, which advised her that the lawsuit was subject to dismissal if she did not provide a prompt response. Consequently, on May 15, 2017, this Court dismissed the complaint without prejudice in accordance with Federal Rule of Civil Procedure 41(b), (D.E. 15), and judgment was entered two days later (D.E. 16).

Approximately one month later, Plaintiff moved to set aside the judgment, seeking relief under Federal Rule of Civil Procedure 60(b)(1). (D.E. 17.) Although Reaves had initially filed

her complaint pro se, an attorney entered an appearance on April 8, 2017. (D.E. 13.) In the motion, counsel averred that the claimant did not receive the February 17, 2017 administrative track scheduling order. (*Id.* at PageID 606.) Additionally, although the show cause order was filed on April 27, 2017, and sent electronically to claimant's attorney, counsel claimed that she "did not see it until June 13, 2017." (*Id.*) According to Reaves's attorney, she also did not see the order of dismissal for failure to prosecute or the judgment until June 13. Counsel attributes this lapse to either "a malfunction of her email service or an excusable mistake on [her] part." (*Id.*)

Rule 60(b) provides in pertinent part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." A Rule 60(b) motion may only be granted for one of the reasons specifically identified in the rule. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). A party relying on 60(b) "must show the applicability of the rule." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation omitted). Stated differently, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in [the rule] that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)), *cert. denied sub nom. Tyler v. Lazaroff*, 135 S. Ct. 370 (2014).

Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or facts in the final judgment or order." *United States v. Reyes*, 307

2

F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). In the instant case, Plaintiff claims that her counsel committed an excusable mistake. (D.E. 17 at PageID 606.) "In determining whether relief is appropriate under Rule 60(b)(1)," three factors control the analysis: "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457-58 (6th Cir. 2011)) (internal quotation marks omitted). Because the "acts and omissions" of attorneys are attributable to their clients, "the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable." *Id.* at 629 (alteration in original) (citation omitted). The United States Supreme Court has identified four relevant factors for courts to use in "determining whether a party's neglect of a deadline is excusable": (1) "the danger of prejudice to [the non-moving party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Yeshick*, 675 F.3d at 629.

The Court first considers whether counsel's neglect is excusable. The government has indicated that it has no position on the claimant's motion, and the Court perceives no great prejudice to Defendant in granting Plaintiff's request. (D.E. 17-1 at PageID 609.) With respect to the impact on judicial proceedings, the claimant's brief is over three months late. (*See* D.E. 12 at PageID 598) ("Appellant shall file a brief in support of the asserted claim within 30 days [of February 17, 2017].") Although that delay certainly frustrates the Court's duty to resolve litigation expeditiously, it is not an inordinate amount of time. Further, there is no evidence that

3

Reaves acted in bad faith. On the other hand, the fault for the delay is entirely attributable to Plaintiff's counsel. On balance, these factors favor a finding that the delay in this case was caused by excusable neglect.

Before granting Reaves the relief she seeks, the Court must next assess the prejudice to the opposing party and the merit of Plaintiff's claim. *See Yeschick*, 675 F.3d at 628-29. As noted above, the government has no position on the motion and the potential for prejudice is minimal. Without the aid of a brief in support of her claim, it is difficult to completely assess the merit of the claimant's case. Frankly, the Court is not impressed with counsel's failure to respond to its directives or the excuses offered to explain that failure. However, the Court concludes that Reaves should not lose the right to pursue her case solely based on counsel's carelessness. *See Sam v. Cnty of Wayne*, No. 2:10-CV-10332, 2010 WL 3122830, at *1 (E.D. Mich. May 27, 2010) (granting motion to set aside judgment under analogous circumstances); *Carter at Main, LLC v. Acuity Ins. Co.*, No. 2:07-CV-296, 2009 WL 529853, at *1-2 (E.D. Tenn. Mar. 3, 2009) (same). Counsel is admonished to be more diligent in reviewing e-mails and keeping up with the filings in this case; further lapses of this nature will not be tolerated. Plaintiff shall file a brief in support of her claim within seven days of entry of this order.[1]

IT IS SO ORDERED this 5th day of July 2017.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Reaves specifically requested a seven-day period to file her brief in support. (D.E. 17 at PageID 608.) Given this case's history, further extensions will not be granted absent extraordinary circumstances.